**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DALE JOHNSON MILLS, JR.** ) | |
| ) | **CIVIL ACTION NO.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **BUSINESS INFORMATION** ) | |
| **GROUP, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer against Defendant Business Information Group, Inc., for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq*., as amended.

2.      Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes."  15 U.S.C. § 1681a(d)(1)(B).

3.      Defendant BIG is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4.      The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate.  15 U.S.C. § 1681(b).  Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as BIG.

1

## JURISDICTION AND VENUE

5.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7.      Plaintiff, Dale Johnson Mills, Jr., is an adult individual who resides in the State of Florida.

8.      Defendant Business Information Group, Inc. (hereafter "BIG") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. BIG regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 156 N George St. Ste. 100, York, PA 17401.

## FACTUAL ALLEGATIONS

9.      For a period of time beginning in July 2021, Plaintiff was employed with Assurance IQ LLC ("Assurance") as an insurance agent.   One of the major products Plaintiff sold was insurance from UnitedHealthcare Inc ("UnitedHealthcare").

10.      UnitedHealthcare requested from the Defendant, and the Defendant sold to UnitedHealthcare a consumer report(s) concerning the Plaintiff, on or around July 12, 2021.

11.      The report(s) furnished by Defendant was for employment purposes.

12.      The consumer report(s) contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to continue employment with Assurance generally, and specifically with UnitedHealthcare.

13.     Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

14.     The inaccurate information includes, but is not limited to, being listed on the "OIG & GSA Excluded Parties" and OFAC list, based on criminal convictions which do not belong to Plaintiff but belongs to at least one other consumer (herein after the "inaccurate information"). Plaintiff in fact has never been listed on the OIG, GSA or OFAC list.

15.     The inaccurate information grossly disparages the Plaintiff and portrays him as a convicted criminal and individual who is excluded and/or limited by the US Government from doing business in the country, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

16.     In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.  Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer, believed to be Plaintiff's father.  Had Defendant followed reasonable procedures it would not have reported the inaccurate information, as any rudimentary check of the public records would have revealed these inaccuracies.

17.     Defendant has been reporting, and did here report, derogatory and inaccurate statements and information through the issuance of false and inaccurate consumer reports relating to Plaintiff and Plaintiff's criminal history to third parties since at least July 2021.

18.     As a result of the inaccurate report(s) Defendant sold, Plaintiff was terminated from his contract with UnitedHealthcare and Plaintiff was informed by the UnitedHealthcare that the

basis for the termination was the inaccurate criminal information that appears on BIG's consumer report, which was also a substantial factor for the termination. In addition, Plaintiff's continued employment with Assurance was in jeopardy after his contract with United Healthcare was terminated.

19.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including frustration, humiliation and embarrassment.

20.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

21.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT I
### PLAINTIFF V. BIG
### VIOLATIONS OF THE FCRA

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant BIG is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

27.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant BIG, based on the following requested relief:

      (a) Actual damages;

      (b) Statutory damages;

      (c) Punitive damages;

      (d) Costs and reasonable attorneys' fees; and

(e)  Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:     */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        JOSEPH L. GENTILCORE, ESQUIRE
        1600 Market Street, Suite 2510
        Philadelphia, PA 19103
        Telephone: (215) 735-8600

        *Attorneys for Plaintiff*

Date: August 25, 2021